# Court of Appeals
# of the State of Georgia

ATLANTA, July 14, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1368. RODNEY SINGLETON v. CLAUDIA LYNN HARRY et al.

Following a motor vehicle collision, plaintiff Rodney Singleton sued Claudia and Mark Harry, alleging negligence per se and seeking damages. Following a trial, the jury returned a verdict "in favor of the Plaintiff in the amount of $29,517.00," and Mark Harry's name is crossed off in the case caption on the verdict form. The trial court then entered an order granting Singleton "judgment against the Defendant, Claudia Harry." Singleton subsequently moved for a new trial, which the trial court denied. This appeal followed. We, however, lack jurisdiction.

Under OCGA § 5-6-34(a)(1)(B), an appeal generally may be taken from a final judgment, "that is to say, where the case is no longer pending in the court below." In a case involving multiple parties and claims, a decision adjudicating fewer than all the claims against all parties is not a final judgment. *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34(b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the record shows that a judgment was entered against Claudia Harry, but there is no indication that the claim against Mark Harry has been resolved.[1] Consequently, absent an express determination that there was no just reason for delay,

---

[1] We note that Singleton expressly omitted the trial transcript from the record.

Singleton was required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the order at issue here. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to do so deprives us of jurisdiction over this premature appeal, which is hereby DISMISSED. The parties may file a notice of appeal within 30 days after the trial court has entered a final order in this matter. See OCGA § 5-6-38(a).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/14/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*